IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JEAN MARIE HOWELL**,

        Plaintiff,

vs.

**CHRISTOPHER DAVID BOYLE** and the **CITY OF BEAVERTON,** an Oregon municipal corporation,

        Defendants.

Civil Case No. 08-727-KI

OPINION AND ORDER

    Michael H. Bloom
    One Centerpointe Drive, Suite 570
    Lake Oswego, Oregon  97035

        Attorney for Plaintiff

    Gerald L. Warren
    901 Capitol Street, NE
    Salem, Oregon  97301

        Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff prevailed in a jury trial on her negligence claim arising when she was injured by a City of Beaverton police officer whose car struck plaintiff while she walked across the road. Before the court is Defendants' Motion to Alter or Amend Judgment under Rule 59(e) (#70) and Plaintiff's Bill of Costs (#73).

## DISCUSSION

I.  Motion to Amend the Judgment

Prior to trial, plaintiff sought economic damages of $4,779,529 plus noneconomic damages of $1,000,000. She had incurred $480,952 in medical expenses. The court considered the effect of Clarke v. Oregon Health & Sci. Univ., 343 Or. 581, 175 P.3d 418 (2007), a medical malpractice action which alleged over $17 million in damages. After analyzing the claims against the individual OHSU employees, Clarke held:

> the elimination of a cause of action against public employees or agents in ORS 30.265(1), as applied to plaintiff's claim against the individual defendants, violates the Remedy Clause of Article I, section 10, because the substituted remedy against the public body, as specified in ORS 30.270(1), is an emasculated version of the remedy that was available at common law.

Id. at 610.

Prior to trial, I held that Clarke applied, that the City would not be substituted for defendant Boyle, and that there would be an individual claim against defendant Boyle without any caps from the Oregon Tort Claims Act ("OTCA").

At trial, the jury determined that Howell suffered economic damages of $765,000 and noneconomic damages of $250,000. The jury also found that Howell was 50 percent negligent. I entered Judgment in the amount of $507,500.

Page 2 - OPINION AND ORDER

Defendants now ask me to reduce the Judgment to $200,000. They argue that Clarke should not apply because an OTCA statutory award capped at $200,000 is not an emasculated remedy in light of the damages awarded by the jury. Essentially, defendants argue that the difference between the damages alleged by Howell and the damages awarded by the jury change the analysis.

I have considered defendants' argument but I still believe that a statutory award is an emasculated remedy. It is less than half the amount of medical expenses already incurred by Howell. Accordingly, I deny defendants' motion.

II.    Bill of Costs

Plaintiff seeks costs in a revised amount of $24,358.01, after withdrawing a request for the deposition transcript delivery costs. I will address the objections filed by defendants.

Federal Rule of Civil Procedure 54(d)(l) provides, in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." This rule is not read "as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the discretion to grant costs does not include the authority to tax costs beyond those authorized by statute or contract. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Thus, the discretion granted under Rule 54(d) allows a court to decline to tax costs, but does not authorize a court to award excess costs in the absence of a "specific congressional command." Id. at 442.

### A.   Deposition Costs

Plaintiff seeks $4,184.63 in deposition costs.

Defendants object to an award of both the transcript fee and the videotaping fee for the deposition of defendant Boyle.

Several courts have awarded costs for both a videotaped deposition and a stenographic transcript of the deposition. Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1478 (10th Cir. 1997); Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464-65 (11th Cir. 1996). The analysis depends on whether both are reasonably necessary for the litigation. A stenographic transcript is much easier to use for many things, such as impeachment of a testifying witness. See BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir. 2005) (affirming award of charges related to video depositions, including video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts). Particularly since this was the deposition of defendant Boyle, I will award both types of costs.

Defendants object to deposition costs for three witnesses who did not testify at trial: Travis Smith, Melissa Smith, and Matthew Matson. The witnesses, plaintiff's husband and two friends whom she stayed with for the two days prior to the accident, were deposed by defense counsel. Plaintiff's counsel requested a copy of the transcript when defense counsel asked the court reporter to transcribe the depositions. A deposition need not be absolutely indispensable to justify an award of costs. It must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition. Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002). Because of the close relationship of these witnesses to plaintiff, I conclude that the three depositions were reasonably necessary at the time they were taken.

The parties had an agreement concerning paying for their experts to appear at deposition. Their agreement, however, does not make the cost one that I can award. Thus, for expert David Karlin's deposition, I award only the transcript cost of $74.40, rather than the $272.40 amount plaintiff seeks which includes the expert's one-hour deposition fee.

I award deposition costs of $3,986.63.

B.   Witness Fees

Plaintiff seeks $1,317.84 in witness fees, which includes service fees.

Defendants object to some of the costs for service of process. As one example, the process server tried to serve Jeannie Huff nine times, at three different addresses, before he was successful. These attempts cost $452.50. Ms. Huff was a witness to the accident. I do not consider these service attempts, or the other service costs plaintiff seeks, to be unreasonable.

I award the entire amount of $1,317.84 in witness fees.

C.   Exemplification and Copy Fees

Plaintiff seeks a total of $13,725.54 in exemplification and copy fees.

Defendants object to a cost of $258.40 to scan medical records. There is no requirement in § 1920 that copies must be paper copies. See BDT Prods., 405 F.3d at 420 (affirming award of charges for electronic scanning of documents). I will award the cost.

Defendants object to outside copying costs of $1,699.09. In particular, defendants note that plaintiff sought to admit only 80 out of 320 exhibits copied.

Plaintiff notes that she did not request reimbursement for copies made in-house and that many of the copies for which she seeks costs were color copies of the scene of the accident. Plaintiff also argues that even though she did not offer all exhibits, the copies were reasonably necessary when made.

The fact that items are neither introduced into evidence nor otherwise become part of the official court record does not determine whether that item was necessarily obtained for use in the case. Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (allowing costs for reproducing documents even though documents were not introduced as evidence to support summary judgment motion). The amount sought by plaintiff is not high in comparison to other cases. I will award the cost.

Defendants do not object to the cost of $143.05 to create exhibit notebooks for the jurors.

Defendants object to a cost of $4,500 for the creation of an animation by expert Don Webb and a cost of $7,125 for demonstrative exhibits also created by expert Webb.

The cost for demonstrative evidence, including photographs and graphic aids, can fall within taxable costs under § 1920(4)'s provision for "exemplification and copies of papers" if the

Page 6 - OPINION AND ORDER

evidence is necessarily obtained for use in the case. Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767, 770 (9th Cir. 1988). I do not believe that the provision, however, stretches to cover the cost of compensating an expert who creates the material, as opposed to the mechanical creation of the exhibits. Thus, I will award half of the costs plaintiff requests, namely $2,250 for the animation and $3,562.50 for the demonstrative exhibits.

The total I award for exemplification and copy fees is $7,913.04.

D.      Expert Gerald Williams' Fee

Plaintiff seeks $4,780 in expert witness fees for Gerald Williams, a surveyor. The court can tax expert witness fees as costs if special circumstances exist, based on the reasonable needs of the party in the litigation. Thornberry v. Delta Air Lines, Inc., 676 F.2d 1240, 1245 (9th Cir. 1982) (attorney fees and costs awarded under Title VII), vacated on other grounds, 461 U.S. 952 (1983). Plaintiff argues that an exceptional circumstance exists because Williams' survey was required for the court to make a ruling on the location of the unmarked crosswalk. Defendants object to this fee being awarded.

Assuming that Thornberry allows me to award an expert witness fee in this non-Title VII case, I do not find that special circumstances exist. Although the survey was helpful, I did not require it to determine the location of the unmarked crosswalk.

E.      Summary

I also award the $350 filing fee. With the fees awarded above, the total award of costs is $13,567.51.

## CONCLUSION

Defendants' Motion to Alter or Amend Judgment under Rule 59(e) (#70) is denied.

Plaintiff's Bill of Costs (#73) is granted in part. I award costs in the amount of $13,567.51.

IT IS SO ORDERED.

Dated this      10th      day of December, 2009.


                                         /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge